## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

RYAN MATTHEW RESOP,               :
                                  :
        Plaintiff,                :
                                  :
                                  :
    v.                            : Civ. No. 15-626-LPS
                                  :
SGT. ANGELINA DEALLIE, et al.,    :
                                  :
        Defendants.               :
                                  :

Ryan Matthew Resop, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

March 10, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I.      INTRODUCTION

Plaintiff Ryan Matthew Resop ("Plaintiff"), an inmate at the James T. Vaughn Correctional

Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) He

has also filed a motion for injunctive relief. (D.I. 8) Plaintiff appears *pro se* and has been granted

leave to proceed *in forma pauperis*. (D.I. 5) Plaintiff was given leave to amend a Security Housing

Unit ("SHU") due process claim after the Court reviewed and screened the Complaint pursuant to

28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). (*See* D.I. 12, 13) Plaintiff filed an Amended Complaint

which the Court will screen. (D.I. 15) He has also filed a request for counsel and a motion for

reconsideration of the October 23, 2015 screening order. (D.I. 14, 17)

## II.     BACKGROUND

As outlined in the October 23, 2015 screening order, Plaintiff has been allowed to proceed

with failure to protect claims against Defendants Sgt. Angelina DeAllie ("DeAllie") and Abigail E.

West ("West"). (D.I. 12, 13) The Amended Complaint attempts to cure Plaintiff's due process

pleading defects. The Amended Complaint alleges that Plaintiff was housed in SHU from July 2008

to May 2015, but the allegations are not directed toward any individual.

## III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma*

*pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson*, 135 S.Ct. at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) note the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

In the Amended Complaint, Plaintiff fails to identify any individual who allegedly violated his right to due process. In addition, although he states that he was housed in SHU from July 2008 to May 2015, it also appears that he remains housed in SHU. It simply is not clear. It appears that Plaintiff was housed in SHU due to safety concerns.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v.*

*Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)). Here, there are no allegations in the Amended Complaint directed toward any individuals. The Amended Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. Therefore, the Court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants (or name alternative defendants), he will be given one final opportunity to amend the due process claim.

## V.     REQUEST FOR COUNSEL

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis* – he requests appointment of counsel. (D.I. 14) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) -- now § 1915(e)(1) -- does not authorize federal court to require unwilling attorney to represent indigent civil litigant, the operative word in statute being "request.").

Plaintiff requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex and will require significant research and investigation, he has limited law library access and limited knowledge of the law, a trial will involve conflicting testimony and counsel will better enable Plaintiff to present evidence and cross-examine witnesses, and he has made repeated efforts to retain counsel. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel, including that, to date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, this case is in its early stages and the parties have not yet been served. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary.

## VI.    MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the October 23, 2015 Order that screened Plaintiff's initial complaint. (D.I. 17) Plaintiff seeks reconsideration on the grounds that the Court "just missed or misunderstood something in his Complaint" against Defendants Anthony A. Figliola, Gregory E. Smith, and Thomson Reuters and erroneously dismissed them as Defendants.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court finds that Plaintiff has failed to demonstrate any of grounds to warrant a reconsideration

5

of the Court's October 23, 2015 Memorandum Opinion and Order.  Therefore, the Court will deny

the motion.

## VII.    CONCLUSION

For the above reasons the Court will: (1) deny Plaintiff's request for counsel without

prejudice to renew (D.I. 14); (2) deny Plaintiff's motion for reconsideration (D.I. 17); (3) dismiss the

Amended Complaint (D.I. 15); and (4) give Plaintiff one final opportunity to amend the Security

Housing Unit due process claim.  The Court has allowed Plaintiff to proceed against DeAllie and

West on the allegations raised against them in the original Complaint.  (*See* D.I. 13)

An appropriate Order will be entered.