IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RYAN MATTHEW RESOP, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 15-626-LPS |
| SGT. ANGELINA DEALLIE, et al., | : | |
| Defendants. | : | |

Ryan Matthew Resop, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 18, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

# I. INTRODUCTION

Plaintiff Ryan Matthew Resop ("Plaintiff") an inmate at the James T. Vaughn Correctional Center ("VCC") filed this action pursuant to 42 U.S.C. § 1983 on July 21, 2015. (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. Pending is Defendants' motion to dismiss or, in the alterative, for summary judgment, filed December 5, 2016. (D.I. 23) Plaintiff did not respond to the motion. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court will grant the motion.

# II. BACKGROUND

The only claims that remain are that Defendants Sgt. Angelina Deallie ("Deallie") and Abigail E. West ("West") (together "Defendants") spread rumors among Plaintiff's fellow inmates that he was a State witness, knowing that Plaintiff would be attacked when the prison population heard the rumors and, indeed, he was attacked on June 11, 2014. (D.I. 3) All other Defendants and claims have been dismissed. (*See* D.I. 12, 13, 18, 19)

In the Complaint, Plaintiff indicated that he had not filed a grievance concerning the facts related to the Complaint. (D.I. 3 at 8) Matthew Dutton ("Dutton"), who is employed by the Delaware Department of Correction ("DOC"), reviewed grievances filed by Plaintiff during the relevant time-frame, from July 21, 2013 through July 21, 2015 – for grievances that mention Defendants, report that Plaintiff was called a snitch, or relate to a fight with his cellmate on or about June 11, 2014. (D.I. 24-2 at 1) Dutton found no grievances that met any of these criteria. (*Id.*)

Defendants move for dismissal or, in the alternative, for summary judgment. Defendants move to dismiss on the grounds that Plaintiff has failed to plead a plausible claim for relief and move for summary judgment on the grounds that he failed to exhaust his administrative remedies as

1

is required by the Prison Litigation Reform Act ("PLRA"). (D.I. 24) Plaintiff did not file a response to the motion.

III. **LEGAL STANDARDS**

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd.* v. *Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or

2

suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252. The Court will not grant the entry of summary judgment without considering the merits of Defendants' unopposed motion. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that district court should not have granted summary judgment solely on basis that motion for summary judgment was not opposed).

## IV. DISCUSSION

Defendants seek summary judgment on the grounds that Plaintiff has failed to exhaust his administrative remedies as is required under the PLRA. Defendants provide evidence that Plaintiff failed to exhaust his administrative remedies with regard to the events describe in his Complaint. Plaintiff did not refute that evidence, and his allegations in the Complaint confirm that he did not exhaust his administrative remedies.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions

3

under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Defendants have the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004)). A prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *See Nickens v. Department of Corr.*, 277 F. App'x 148, 152 (3d Cir. May 12, 2008) (citing *Williams*, 482 F.3d at 639; *Spruill*, 372 F.3d at 228, 231). Perfect overlap between the grievance and a complaint is not required by the PLRA as long as there is a shared factual basis between the two. *See Jackson v. Ivans*, 244 F. App'x 508, 513 (3d Cir. Aug. 8, 2007) (citing *Woodford*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.")).

The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill*, 372 F.3d at 227-28; *Nyhuis*, 204 F.3d at 67. An administrative

4

procedure is unavailable when: (1) despite what regulations or guidance materials may promise, it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) an administrative scheme is so opaque that it becomes incapable of use; or (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *See Ross v. Blake*, __U.S.__, 136 S.Ct. 1850, 1859-60 (2016). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *See Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002).

At the VCC, the inmate grievance policy provides a multi-tiered grievance and appeal process. (D.I. 24-1 at 1-11) Plaintiff produced no evidence to the contrary, nor did he refer to any circumstance that prevented him from submitting grievances. The only reasonable finding that may be made based on the record evidence is that Plaintiff failed to exhaust his administrative remedies. Thus, his claims are procedurally defaulted. *See Spruill*, 372 F.3d at 232, 228-31. Therefore, the Court will grant Defendants' motion for summary judgment.

## V.    CONCLUSION

The Court will grant Defendants' motion to dismiss or, in the alternative, for summary judgment (D.I. 23). An appropriate Order will be entered.